IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 11-120-10 |
| ) | |
| MICHAEL CHARLES SCHWARTZBAUER ) | |

MEMORANDUM AND ORDER OF COURT

Presently before the court is defendant Michael Charles Schwartzbauer's Motion for Termination of Supervised Release (Document No. 398). For reasons explained below, defendant's motion will be denied.

Defendant pled guilty to a one-count indictment charging him with conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. §846. On January 29, 2013, defendant was sentenced to time served as of that date, to be followed by a 3-year term of supervised release which included a condition requiring him to reside at the Renewal Center for 8 months, with release privileges for work, medical attention and other purposes approved by the probation officer.

On May 14, 2013, defendant filed a motion for early termination of supervised release in which he alleges that he has not been able to fulfill his responsibilities in connection with his work repairing cars because he is restricted from driving vehicles to pickup parts. See defendant's Motion, ¶4. According to defendant, he has adhered to the Probation Office's requirements and has made an "excellent adjustment" since his incarceration, thus he should be discharged from supervised release. Id., ¶¶5-6.

Pursuant to 18 U.S.C. §3583(e)(1), the court may, after considering the factors set forth in §3553(a), terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the defendant's conduct and the interest of justice. As of the filing date of defendant's motion, he has served only 3½ months of the 3-year term of supervised release imposed by this court. Accordingly, the court may not terminate supervised release because defendant has not been on supervision for at least one year.

Although defendant is not eligible for early termination of supervised release for the reason stated, the court believes it must clarify for his counsel an apparent misunderstanding regarding the government's position and that of his probation officer concerning his motion. Defendant alleges in his motion that his lawyer contacted government counsel and the supervising probation officer and they both declined to take a position on his motion. In response to the court's inquiry concerning their respective position, both government counsel and the probation officer verbally advised that they were asked for their position concerning a potential modification to the supervised release condition requiring residence at Renewal, not that supervised release be terminated. Both government counsel and the probation officer informed the court that, although they originally would not have objected to a modification regarding the Renewal residency requirement, they object to early termination of supervised release based in part on the statutory requirement that a defendant must serve at least one year

AO 72
(Rev. 8/82)

of supervised release before the court may consider early termination.[1]

The probation officer also clarified for the court the status of defendant's employment. Although defendant is somewhat restricted in driving vehicles while at work, those restrictions will not affect his ability to retain his job. Thus, to the extent defendant meant to seek a modification of the terms of supervision (rather than termination) to allow for alternative confinement instead of residence at the Renewal Center, such modification is not required.

An appropriate order follows.

ORDER OF COURT

AND NOW, this 15th day of May, 2013, for the reasons set forth in the Memorandum above, IT IS ORDERED that defendant Michael Charles Schwartzbauer's Motion for Termination of Supervised Release (Document No. 398) be, and the same hereby is, denied.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Margaret E. Picking
Assistant U.S. Attorney

John J. Zagari, Esq.
428 Forbes Avenue
Suite 1609
Pittsburgh, PA 15219

United States Probation

---

[1] The probation officer also noted that defendant recently was the subject of an incident report lodged by Renewal Center staff because he displayed a disrespectful attitude toward a staff member. The probation officer indicated he intends to submit a letter to the court describing the incident involving defendant.

3